UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KASSIA COMPTON,

    Plaintiff,

v.

    CASE NO.:

ADVANCE AUTO LOCKSMITH, INC.,
A Florida Profit Corporation, RICHARD
WILKINSON, an individual, and DARRAN
DENT, an individual,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiff, KASSIA COMPTON ("Plaintiff"), on behalf of herself, by and through the undersigned counsel, and sue Defendants, ADVANCE AUTO LOCKSMITH, INC. ("ADVANCE"), RICHARD WILKINSON ("WILKINSON"), and DARRAN DENT ("DENT"), collectively ("Defendants"), and in support state as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff against her former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's claims, Defendants have conducted substantial, continuous, and systematic commercial activities in this District.

**Parties and Factual Allegations**

3. Plaintiff is an *individual sui juris*, residing in Volusia County, Florida.

4. Plaintiff was employed by Defendants from in or around November 2012 to in or around July 2020 and was paid a salary. At all relevant times, Plaintiff's title was "Locksmith."

5. Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e).

6. Plaintiff was not exempt under any exemption under the FLSA.

7. Defendant ADVANCE is a Florida Profit Corporation operating a business located in Orange County, Florida.

8. Defendant ADVANCE is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

9. Defendant ADVANCE is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

10. Defendant WILKINSON is an individual, a resident of Orange County, Florida, and upon information and belief, was and is the owner and operator of Defendant ADVANCE and exercised control over the day-to-day operations, including any obligations under the FLSA.

11. Defendant WILKINSON acted and acts directly in the interests of Defendant ADVANCE in relation to its employees. Thus, he was and is an employer within the meaning of Section 203(d) of the FLSA (29 U.S.C. 203(d)).

12. Defendant DENT is an individual, a resident of Seminole County, Florida, and upon information and belief, was and is the owner and operator of Defendant ADVANCE and exercised control over the day-to-day operations, including any obligations under the FLSA.

13. Defendant DENT acted and acts directly in the interests of Defendant ADVANCE in relation to its employees. Thus, he was and is an employer within the meaning of Section 203(d) of the FLSA (29 U.S.C. 203(d)).

14. On a frequent basis throughout Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times her regular rate of pay.

15. At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

16. Plaintiff has sustained damages from Defendants' failure to pay overtime compensation.

17. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

## COUNT I
### Violation of the Overtime Provisions of the Fair Labor Standards Act

18. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 17 above, as if fully set forth herein.

19. Plaintiff is not exempt under any exemption under the Fair Labor Standards Act.

20. During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per week.

21. Defendants failed to pay Plaintiff the required overtime rate, one-and-one-half times her regular rate, for all hours worked in excess of forty (40) hours per week.

22. Defendants willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff was entitled to overtime compensation.

23. Defendants' failure to pay the required overtime rate was willful, which resulted in Plaintiff not being paid one-and-one-half times her regular rate for all hours worked in excess of forty (40) hours per week.

24. Due to Defendants' willful violation of the FLSA a three (3) year statute of limitation applies.

25. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages.

26. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees for its services.

**WHEREFORE** Plaintiff demands judgment against Defendants for the following:

A. Unpaid overtime proven to be due and owing;

B. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorneys' fees and costs; and

E. Such other relief as the Court finds just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 24th day of July 2020.

Mary E. Lytle, Esquire
Florida Bar No.: 0007950
David V. Barszcz, Esquire
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**