# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KASSIA COMPTON,

               **Plaintiff,**

v.                                        **Case No:   6:20-cv-1327-Orl-37LRH**

ADVANCE AUTO LOCKSMITH, INC.,
DARRAN DENT and RICHARD
WILKINSON,

               **Defendants.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 23)** |
| **FILED:** | **November 25, 2020** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On July 24, 2020, Plaintiff Kassia Compton instituted this action against Defendants Advance Auto Locksmith, Inc., Darran Dent, and Richard Wilkinson.  Doc. No. 1.  Plaintiff asserts one claim for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  *Id.*

On November 11, 2020, the parties notified the Court that they had reached a settlement of Plaintiff's FLSA claim.  Doc. No. 22.  The parties thereafter filed a joint motion to approve their

settlement agreement.   Doc. No. 23.   The parties ask that the Court approve their agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and dismiss the case with prejudice.   *Id.*   With the motion, the parties have included a fully executed copy of their Settlement Agreement and Mutual Release of Claims ("Agreement").   Doc. No. 23-1.   The matter has been referred to the undersigned.

Upon review, there is one provision in the parties' Agreement that prevents the undersigned from recommending that the Court approve the parties' settlement.   Specifically, the release, while limited to Plaintiff's FLSA claim, extends to non-parties to the Agreement:

> Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendants, <u>their parents, predecessors, successors, assigns, subsidiaries, affiliates, insurers, and owners, and their past, present and future directors, officers, shareholders, members, employers, agents, insurances and attorneys both individually and in their capacities as directors, owners, officers, shareholders, members, employers, agents, insurers and attorneys</u> (collectively, "Releasees") of and from any and all claims arising under the FLSA for unpaid overtime against any of the Releasees which Plaintiff has or might have as of the date of the execution of this Agreement.

*Id.* ¶ 2(c) (emphasis added).   The presiding District Judge has previously stated that "a general release may not be used to release a non-party."   *See Lina Arguelles et al. v. Noor Baig, Inc.*, No. 6:16-cv-2024-Orl-37TBS, Doc. No. 19 (M.D. Fla. Feb. 24, 2017).   And even if the parties limit the release to only FLSA claims, "the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party."   *See id.*; *see also Rivera v. U.S.A. Transporter Servs., Inc.*, No. 6:16-cv-2158-Orl-37TBS, 2017 WL 11049718, at *2 (M.D. Fla. Apr. 7, 2017) ("[A] general release may not be used to release a non-party.   Here, the parties have submitted no authority supporting the propriety of releasing claims against non-parties in an FLSA action.   Absent such, the Court declines to approve the release of claims against any entity or person other than Defendant.").   And

although the Agreement contains a severability clause, *see* Doc. No. 23-1 ¶ 10, that provision specifically does not apply to the language of the release.

Accordingly, upon consideration, the parties' Joint Motion for Approval of Settlement and Motion to Dismiss the Case With Prejudice (Doc. No. 23) will be **DENIED without prejudice**. On or before **January 5, 2021**, the parties shall file a renewed motion which must either:  (1) include citation to legal authority demonstrating that a release extending to non-parties is permissible under governing law; or (2) include an amended settlement agreement limiting the release to the parties to this case.

**DONE** and **ORDERED** in Orlando, Florida on December 22, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record