# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KASSIA COMPTON,**

    **Plaintiff,**

**v.**                                                 **Case No:   6:20-cv-1327-Orl-37LRH**

**ADVANCE AUTO LOCKSMITH, INC.,
DARRAN DENT and RICHARD
WILKINSON,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 25)**
>
> **FILED:**     **January 5, 2021**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

### I.  BACKGROUND.

On July 24, 2020, Plaintiff Kassia Compton instituted this action against Defendants Advance Auto Locksmith, Inc., Darran Dent, and Richard Wilkinson.  Doc. No. 1.  Plaintiff asserts one claim for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  *Id.*

On November 11, 2020, the parties notified the Court that they had reached a settlement of Plaintiff's FLSA claim. Doc. No. 22. The parties thereafter filed a joint motion to approve their settlement agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and to dismiss the case with prejudice. Doc. No. 23. With the motion, the parties included a fully executed copy of their settlement agreement. Doc. No. 23-1.

The undersigned denied the joint motion without prejudice because the release extended to non-parties to the agreement. Doc. No. 24. Although the parties' agreement contained a severability clause, Doc. No. 23-1 ¶ 10, that provision specifically did not apply to the language of the release. Doc. No. 24, at 3.

The instant matter now comes before the Court on review of the parties' Renewed Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice. Doc. No. 25. With the renewed motion, the parties have included a fully executed copy of an amended Settlement Agreement and Mutual Release of Claims ("the Agreement"). Doc. No. 25-1. The renewed motion was referred to the undersigned, and the matter is ripe for review.

**II.     APPLICABLE LAW.**

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

> • The existence of collusion behind the settlement.

> • The complexity, expense, and likely duration of the litigation.
>
> • The state of the proceedings and the amount of discovery completed.
>
> • The probability of plaintiff's success on the merits.
>
> • The range of possible recovery.
>
> • The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354. However, "[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." *Park v. Am. Servs. of Cent. Fla., Inc.*, No. 6:06-cv-882-Orl-22JGG, 2007 WL 430651, at *2 (M.D. Fla. Feb. 3, 2007) (citing *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

**III.   ANALYSIS.**

    *A.   Whether Plaintiff Has Compromised Her FLSA Claim.*

Pursuant to the Agreement, Defendants agree to pay Plaintiff $7,500.00 to settle her overtime claim, $7,500.00 in liquidated damages, and $7,500.00 to Plaintiff's attorneys. Doc. No. 25-1 ¶ 3. In her answers to the Court's Interrogatories, Plaintiff estimated her total damages at $37,462.84 and stated that she was seeking an equal amount in liquidated damages, as well as attorney's fees. Doc. No. 21, at 2–3.

Therefore, because Plaintiff will receive less under the Agreement than the amount that she claimed was owed under the FLSA, Plaintiff has compromised her claim within the meaning of *Lynn's Food*. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009)

("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

   *B.   Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised her FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that she agreed to accept is reasonable. In support of their joint motion, the parties explain that the parties continue to disagree over the merits of Plaintiff's claim, with Plaintiff contending that she was not paid for all hours worked and Defendant maintaining that Plaintiff was fully compensated. Doc. No. 25, at 3–4. The parties also disagree over the applicable statute of limitations. *Id.* at 5. However, they have agreed to settle this matter to minimize future risks and litigation costs. *Id.* at 4–5. The parties exchanged information regarding Plaintiff's hours worked and compensation, and have exchanged information relating to their respective claims and defenses, allowing them "to make an educated and informed analysis and conclusion." *Id.* at 5. Both parties were represented by experienced counsel throughout the settlement negotiations. *Id.* at 3–4, 6. The parties agree that the settlement amount is reasonable given their mutual interest in avoidance of further litigation and the inherent risks involved. *Id.* at 6–7.

Because these representations adequately explain the reasons for the compromise of Plaintiff's FLSA claim, I recommend that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

   *C.   Attorney's Fees and Costs.*

Given that Plaintiff has compromised her FLSA claim, the Court must also consider whether the payment to her counsel is reasonable to ensure that the attorney's fees and costs to be paid did

- 4 -

not improperly influence the amount Plaintiff agreed to accept in settlement.  *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[1]  Under the Agreement, counsel for Plaintiff will receive a total of $7,500.00 in attorney's fees and costs.  Doc. No. 25-1 ¶ 3(c).  In the joint motion, the parties state that "[t]he attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel, were negotiated separately from and without regard to the settlement sums being paid to Plaintiff."  Doc. No. 25, at 7.  The parties further state that they believe that "[t]he attorney's fees and costs negotiated separately in this matter are fair and reasonable."  *Id.*

Based on these representations, and in the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff has agreed to accept for resolution of her FLSA wage claim.  *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

### D.     *Other Terms of the Agreement.*

Upon review, the Agreement does not contain a broad general release, confidentiality provision, non-disparagement clause, or other potentially problematic non-cash concession that would undermine the fairness of the parties' settlement.  *See* Doc. No. 25-1.  In particular, the release provides as follows:

> This Agreement shall constitute a release of all claims Plaintiff might have under the FLSA for unpaid overtime against Defendants.
>
> . . . .
>
> Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendants, (collectively "Releasees") of and from any and all claims arising under

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."  *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

>   the FLSA for unpaid overtime against any of the Releasees which Plaintiff has or might have as of the date of the execution of this Agreement.

Doc. No. 25-1 ¶ 2.

Because the release is limited to the claims raised in Plaintiff's complaint, it raises no concerns under *Lynn's Food*. *See, e.g.*, *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint").

However, I note that in the "conclusion" section of the renewed joint motion, the parties request that the Court retain jurisdiction to enforce the Agreement. Doc. No. 25, at 8. The parties provide no legal authority or argument supporting their request. *See id.* And courts in this District routinely deny requests to retain jurisdiction over an FLSA settlement agreement. *See Eiland v. U.S. Walls, LLC*, No. 6:13-cv-1237-Orl-40GJK, 2015 WL 478372, at *5 (M.D. Fla. Feb. 4, 2015) (and cases cited therein). Therefore, I recommend that the Court deny the parties' request to retain jurisdiction to enforce the Agreement.

## IV. CONCLUSION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT in part** the Renewed Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice (Doc. No. 25), to the extent the Court find that the Agreement (Doc. No. 25-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

2. **DENY** the motion (Doc. No. 25) in all other respects;

3. **DISMISS** this case with prejudice; and

4. **DIRECT** the Clerk of Court to close the file.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on January 11, 2021.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record